UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIN FUSSY,<br><br>           Plaintiff,<br><br>     v.<br><br>RTI SURGICAL,<br><br>           Defendant. | Case No.  1:21-cv-01307-DAD-BAK (BAM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO NOT ALLOW THE SCHEDULING CONFERENCE TO BE POSTPONED**<br><br>(Doc. 20) |

This action was removed to this Court on August 27, 2021.  (Doc.1.)  On September 2, 2021, Defendant filed a motion to dismiss, which remains pending.  (Doc. 4.)  Consequently, on its own motion, the Court continued the Scheduling Conference initially from November 22, 2021, to February 28, 2022, and then from February 28, 2022, to May 3, 2022, to allow for resolution of the pleadings.  (Docs. 12, 18.)  Plaintiff now requests that the Court not allow Defendant to postpone the Scheduling Conference, which she refers to as a "settlement hearing," currently set for May 3, 2022.[1]  (Doc. 20.)

---

[1] Plaintiff's motion is unsigned.  As indicated in the Court's Informational Order, each document submitted for filing must include the original signature of the filing party.  (*See* Doc. 3-5, citing Local Rule 131, Fed. R. Civ. P. 11(a)).  As a general rule, all documents submitted without the required signature(s) will be stricken from the record.  (*Id.* at 2.)  In this instance, the Court will not strike Plaintiff's motion because it appears from the docket that the Court previously has accepted unsigned filings from the Plaintiff in this action.  Notwithstanding this instance, Plaintiff is cautioned that in the future the Court

1

Plaintiff's request will be denied for a number of reasons.  First, Plaintiff's motion is premature.  Defendant has not requested that the Scheduling Conference be continued from May 3, 2022.  Second, Plaintiff's motion misapprehends the purpose of the Scheduling Conference.  The Scheduling Conference is not a "settlement hearing."  *See* Fed. R. Civ. P. 16.  Third, Plaintiff's motion misunderstands the reason that the Court continued the Scheduling Conference.  As the Court has explained to Plaintiff, the Court is unwilling to expend limited judicial resources to schedule the case until the Court has ruled on the motion to dismiss and there is an operative pleading.  (*See* Doc. 15.)  If necessary, the Court may again continue the Scheduling Conference on its own motion to allow for resolution of the pending motion to dismiss.  Accordingly, for these reasons, Plaintiff's motion to not allow the Scheduling Conference to be postponed (Doc. 20) is DENIED.

IT IS SO ORDERED.

Dated:   **March 15, 2022**              /s/ *Barbara A. McAuliffe*        _
                                         UNITED STATES MAGISTRATE JUDGE

may strike any document submitted without the required signature.

2